UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MIMI FOWLER, individually and on behalf )
of all others similarly situated, )
)
Plaintiffs, )
)
vs. ) Case No. 4:14CV1127 RLW
)
BAC HOME LOANS SERVICING, L.P., et al., )
)
Defendants. )

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Motion to Remand ("Motion") (ECF No. 21). This motion is fully briefed and ready for disposition.

## BACKGROUND

On November 4, 2011, Plaintiff Mimi Fowler ("Plaintiff" or "Fowler") and her counsel filed successive class actions in the Circuit Court of St. Louis County, State of Missouri. (ECF No. 23 at 9). Both of these cases involved claims in connection with attorney's fees paid by the class to reinstate Missouri mortgage loans. (*Id.*) In the first case, which was a predecessor to this action, Plaintiff filed claims against BANA[1], Kozeny & McCubbin, L.C. ("Kozeny"), and other mortgage lenders that had retained Kozeny as their foreclosure counsel and trustee, in connection with fees paid by Fowler in reinstating her mortgage loan. *See Mimi Fowler, individually and on behalf of all others similarly situated v. BAC Home Loans Servicing, L.P., et al.*, Cause No. 11SL-CC04434 (Twenty First Judicial Circuit, St. Louis County, Missouri)(the "Kozeny Class Action"). Plaintiff voluntarily dismissed the Kozeny Class Action without prejudice prior to a

---

[1] Defendant Bank of American, successor by merger to the former BAC Home Loans Servicing, L.P. ("BANA").

˘ 1 ˘

hearing on Defendants' summary judgment motion. On or around March 6, 2014, Plaintiff Mimi Fowler re-filed her Petition for Individual and Class Action Relief (hereinafter "Complaint"; ECF No. 5).

Fowler, through her present counsel, also previously filed on November 4, 2011 another putative class action against GMAC, South & Associates, P.C. ("South"), and other mortgage lenders that had retained South as their foreclosure counsel and trustee. *See Mimi Fowler, individually and on behalf of all others similarly situated, v. GMAC Mortgage, LLC, South & Associates, P.C., and South Lenders 1-100*, Cause No. 11SL-CC004435 (Twenty First Judicial Circuit, St. Louis County, Missouri) ("South Class Action"). (ECF No. 23 at 9). Defendants contend that BANA was one of the mortgage lenders that utilized South as successor trustee for mortgages and that BANA was one of the unnamed "Doe" defendants. (*Id.*) Plaintiff dismissed the South Class Action before identifying the lenders in this group. (ECF No. 23 at 10).

In the present action, the Complaint alleges claims for (1) violation of §443.360, R.S. Mo.; (2) breach of fiduciary duty (against Kozeny); and (3) violation of the Missouri Merchandising Practices Act ("MMPA"). (Notice of Removal, ¶18). Plaintiff alleges that Kozeny, the trustee, and the lender defendants illegally charged, and collected from class members, attorneys' fees in connection with the reinstatement of their mortgages. Plaintiff seeks to represent a class consisting of "[a]ll persons residing in Missouri and not represented by counsel who reinstated their mortgage loan and paid Attorney's Fees in foreclosure proceedings related to Missouri real estate during the period beginning five years before the date this lawsuit was filed to the present." (Complaint, ¶12).

Defendant BANA filed its Notice of Removal on June 19, 2014. (ECF No. 1). In the Notice of Removal, Defendants assert that this Court has jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d) ("CAFA"). (ECF No. 1, ¶2). In the Notice of

Remand, BANA contends that Fowler cannot meet the "no other class action within three years" requirement of 28 U.S.C. §1332(d)(4)(A)(ii). (Notice, ¶26).

## STANDARD FOR REMOVAL/MOTION FOR REMAND

"Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." *Manning v. Wal-Mart Stores East, Inc.*, 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075, 139 L. Ed. 2d 753, 118 S. Ct. 852 (1998)). The party seeking removal and opposing remand has the burden of establishing jurisdiction. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator*, 561 F.3d 904, 912 (8th Cir. 2009).

## DISCUSSION

"CAFA authorizes removal of putative class actions 'commenced' on or after February 18, 2005 if: 1) the amount in controversy exceeds $5,000,000 in the aggregate; 2) the citizenship of at least one member of the proposed class is diverse from any defendant; and 3) the proposed class size is not less than 100." *Hargis v. Access Capital Funding, LLC*, No. 4:09CV604CDP, 2009 WL 2757051, at *1 (E.D. Mo. Aug. 26, 2009) *aff'd*, 674 F.3d 783 (8th Cir. 2012), citing 28 U.S.C. § 1332(d)(2). In her Motion to Remand, Plaintiff maintains this case must be remanded because it involves a local controversy within the meaning of 28 U.S.C. §1332(d)(4)(A) and because it involves home state parties within the meaning of 28 U.S.C. §1332(d)(4)(B).[2] "It is Plaintiff's burden to prove each element of the CAFA exceptions." *Roche v. Aetna Health Inc.*, No. CIV.A. 13-3933, 2014 WL 1309963, at *3 (D.N.J. Mar. 31, 2014).

### A. Local Controversy Exception

---

[2] The Court does not address the home state exception because the local controversy exception is dispositive of this case.

"Although complete diversity is not required for the Court to exercise jurisdiction under 28 U.S.C.A. § 1332(d)(2), subsections § 1332(d)(4) requires courts to decline to exercise jurisdiction when greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed." *Barfield v. Sho–Me Power Elec. Co-op.,* No. 11–4321–NKL, 2012 WL 2368517 at *2 (W.D. Mo. Jun. 21, 2012) (internal quotation marks omitted). The local controversy exception provides:

> (4) A district court shall decline to exercise jurisdiction under paragraph (2)--
>  (A)(i) over a class action in which--
>    (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>    (II) at least 1 defendant is a defendant--
>    (aa) from whom significant relief is sought by members of the plaintiff class;
>    (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>    (cc) who is a citizen of the State in which the action was originally filed; and
>    (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>  (ii) during the 3-year period preceding the filing of that class action, no other class action has     been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons…

28 U.S.C.A. § 1332(d)(4)(A).

> This mandatory exception, commonly known as the "local-controversy" exception to the Class Action Fairness Act ("CAFA"), contains four requirements: Under the local-controversy exception, a district court must decline to exercise jurisdiction over a class action in which [1] more than two-thirds of the class members in the aggregate are citizens of the state in which the action was originally filed, [2] at least one defendant 'from whom significant relief is sought by members of the plaintiff class' and 'whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class' is a citizen of the state in which the class action was originally filed, [3] the principal injuries were incurred in the state in which the action was filed, and [4] no other class action alleging similar facts was filed in the three years prior to the commencement of the current class action.

*Barfield*, 2012 WL 2368517 at *2 (citations omitted). Furthermore, "[t]he party seeking to invoke the local controversy exception bears the burden of establishing by a preponderance of the evidence that it applies." *Boegeman v. Bank Star*, No. 4:12CV1514 JCH, 2012 WL 4793739, at *3 (E.D. Mo. Oct. 9, 2012).

Fowler argues that the "no other class action within three years" requirement of the local controversy exception is not defeated by her previous filing of the Kozeny and South cases, which were voluntarily dismissed and one of which was re-filed.

1. **The South Class Action**

Defendants argue that the South Class Action constitutes an "other class action" under the local controversy exception. Defendants argue that the statute does not require that BANA be specifically identified and that referring to it has a "Doe" defendant was sufficient. Defendants contend that it would be "bad public policy" to allow Fowler to take advantage of the local controversy exception because she chose to identify BANA as a "Doe" defendant, when its identity was "clearly identifiable." (ECF No. 23 at 10).

The Court holds that the South Class Action was not an "other class action." Defendants ask the Court to speculate as to who the "Doe" defendants are and argue that BANA's "status as intended defendant" is sufficient for the Court to find the South Class Action is an "other class action." The Court disagrees. The Court holds that naming a "Doe" defendant, who may or may not have been BANA, is insufficient. The Court will not guess as to Plaintiff's intentions at the time of filing. Absent Fowler actually naming BANA as a defendant in the South Class Action, the Court finds that that action does not constitute an "other class action" and does not bar application of the local controversy exception.

2. **The Kozeny Class Action**

Defendants also maintain that the Kozeny Class Action is an "other class action" under the plain language of CAFA. (ECF No. 23 at 11). Defendants note "other class action" is not defined under the statute, but that "the term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C.A. § 1332 (d)(1)(B). Defendants contend that the plain and ordinary meaning of this requirement is that "the same (or other) plaintiffs cannot have filed any other class action asserting the same or similar claims against at least one of the defendants within a three-year period of the instant purported class action." (ECF No. 23 at 12). Defendants state that Fowler cannot meet this requirement because the prior Kozeny Class Action was brought by the same plaintiff against the same defendants involving identical claims. (ECF No. 23 at 12 (citing *Roche v. Aetna Health Inc.*, No. CIV.A. 13-3933, 2014 WL 1309963, at *4 (D.N.J. Mar. 31, 2014)(prior class action which asserted the same or similar factual allegations against the same Defendants barred application of the local controversy exception). Defendants assert that the "general rule in federal court is that cases re-filed after a voluntary dismissal are separate proceedings." (ECF No. 23 at 14)(citing cases).

Plaintiff, however, argues that the "no other class action within three years" requirement of the local controversy exception is met because "BANA is defending the same lawsuit that Fowler brought earlier against Kozeny & McCubbin and BANA." (ECF No. 22 at 5) (citing *Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 508 (3d Cir. 2013)). In *Vodenichar*, the question presented was whether the first and second filed actions were the same case or if the first filed action was an "other class action," as contemplated under the local controversy exception. The Third Circuit held that the second cause of action brought by the same representative plaintiffs and the same counsel was "considered a continuation of the first filed action." *Id.* The Third

~ 6 ~

Circuit reasoned that the policy rationale behind CAFA was not implicated because it was "not a copycat situation where the defendants face similar class claims brought by different named plaintiffs and different counsel in different forums." *Id.*

As relevant to this issue, the Third Circuit discussed the rationale behind the local controversy exception:

> CAFA does not define what constitutes an "other class action" other than to limit it to filed cases asserting similar factual allegations against a defendant. The goals of the statute, however, provide guidance. In enacting CAFA, Congress recognized the benefits of having one federal forum to adjudicate multiple cases filed in various courts against a defendant. *See* Class Action Fairness Act of 2005, Pub.L. No. 109–2, § 2(a)(1), 119 Stat. 4. To this end, the statute seeks to control the impact of multiple class actions filed by different members of the same class against a defendant by providing a single forum to resolve similar claims. *See* S.Rep. No. 109–14, at 4–5 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 5–6; *DeHart v. BP America, Inc.,* No. 09–626, 2010 WL 231744, at *12 (W.D.La. Jan. 14, 2010). Moreover, Congress sought to have all but truly local controversies proceed in federal court and found that when a "controversy results in the filing of multiple class actions, it is a strong signal that those cases may not be of the variety that [the local controversy] exception is intended to address." S.Rep. No. 109–14, at 40–41, 2005 U.S.C.C.A.N. at 39; *see also* Class Action Fairness Act of 2005, Pub.L. No. 109–2, § 2(b)(2), 119 Stat. 4.

*Vodenichar*, 733 F.3d at 508. Applying the reasoning of *Vodenichar*, the Court finds that this case is not an "other class action." Here, Defendants are "defending the same case that it had been defending since November 201[1]." *Id.*, at 509.[3] The instant case does not implicate the policy concern of "copycat cases" that Congress sought to remedy. Likewise, having this case in federal

---

[3] In the alternative, the Court finds that the effect of Plaintiff's voluntary dismissal in state court is rendering the prior lawsuit a nullity so that there was no "other class action." *See Williams v. Clarke*, 82 F.3d 270, 273 (8th Cir. 1996)(quoting *Smith v. Dowden,* 47 F.3d 940, 943 (8th Cir. 1995)("'The effect of a voluntary dismissal without prejudice pursuant to Rule 41(a) is to render the proceedings a nullity and leave the parties as if the action had never been brought.'")(internal citation omitted); *Kirby v. Gaub*, 75 S.W.3d 916, 918 (Mo. Ct. App. 2002)(quoting *In re Estate of Klaas,* 8 S.W.3d 906, 909[8] (Mo .Ct. App. 2000)("A voluntary dismissal without prejudice is a 'species of nonsuit.'").

court does not provide "a single forum to resolve similar claims" because there are no other, competing copycat claims. The Kozeny Class Action is not an "other class action" as contemplated under CAFA, but rather is the same case. Thus, the Court holds that the "no other class action" prong of the local controversy exception is satisfied.

In addition, the Court finds Defendants' attempts to distinguish the reasoning in *Vodenichar* to be unavailing. Defendants contend that "*Vodenichar* can properly be seen as a case in which the defendants, having destroyed federal jurisdiction through their demand for the addition of non-diverse parties, were not permitted to use the prior filing to create federal jurisdiction by invoking CAFA and the 'other class action' provision. … This case involves no such unfairness." (ECF No. 23 at 13). This Court disagrees with this limited reading of *Vodenichar*. In *Vodenichar*, the Third Circuit emphasized the purpose of CAFA to prevent defendants from facing multiple near copycat lawsuits in multiple forums. 733 F.3d at 508. It is clear from the background of this case that Defendants have not had to face near copycat lawsuits because they have all been dismissed without prejudice and that this is simply a refiling of a prior lawsuit. Rather, the Court believes that this is exactly the kind of "local controversy" for which the exception was created. The Court finds that the "no other class action" requirement is satisfied.

### 3. Other Local Controversy Requirements

Defendants also contend that Plaintiff has not met its burden with respect to the first three elements of the local controversy exception, *i.e.*, (1) more than two-thirds of the class members in the aggregate are citizens of the state in which the action was originally filed, (2) at least one defendant 'from whom significant relief is sought by members of the plaintiff class' and 'whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class' is a citizen of the state in which the class action was originally filed, and (3) the principal injuries were incurred in the state in which the action was filed. *Boegeman*, 2012 WL 4793739, at *3; ECF No.

23 at 7 (noting that "Plaintiff presents no evidence at all that the first three elements of the exception are met."). Defendants assert that Plaintiff's own Complaint contradicts her assertion that Kozeny, the sole Missouri defendant, is a defendant from whom significant relief is sought. (ECF No. 23 at 8). Defendants note that Plaintiff alleges in her Complaint that BANA, not Kozeny, provided her reinstatement quote and required her to pay the attorney's fees. (ECF No. 23 at 8 (citing Complaint, ¶8)).

In response, Fowler assets that she has met her burden with respect to the first three requirements for the local controversy exception. (ECF No. 25 at 2-3). First, Fowler states that she has established that more than two-third of the class members in the aggregate is citizens of Missouri. (ECF No. 25 at 2). Fowler alleges that "[t]he single proposed plaintiff class consists of, and is limited to, persons who reside in Missouri." (Complaint, ¶12). Fowler claims that she has established by a preponderance of the evidence that more than two-thirds of the class members in the aggregate are citizens of Missouri because the putative class is limited only to citizens of Missouri. (ECF No. 25 at 3). Second, Fowler contends that she has established that Kozeny, a citizen of Missouri, is the defendant from whom significant relief is sought and whose conduct forms a significant basis for the claims asserts. (ECF No. 25 at 3). Fowler notes that Kozeny is the only defendant who is liable to all class members, whereas BANA and the other defendant lenders are only liable to a fraction of the putative class. (*Id.*) In addition, Fowler states that it is Kozeny's conduct that provides the basis for every class members' claim, regardless of which Defendant provides a putative class member with a reinstatement quote. (*Id.*) Finally, Fowler asserts that she has established that the principal injuries here were incurred in Missouri. (*Id.*)

The Court further holds that Fowler has satisfied the first three prongs of the local controversy exception. First, there is no dispute that more than two-thirds of the class members are citizens of Missouri because citizenship of Missouri is a class requirement. Second, there is no dispute that

at least one defendant named in the case is local—that is, from the state in which the case was originally filed. Kozeny is a citizen of Missouri, the state in which the case was originally filed, and hence is a local defendant under CAFA. Third, the Court holds that Kozeny's "alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class." The Court notes that it is Kozeny's alleged wrongful conduct that binds all of the claims in this class action, which makes Kozeny's actions an important ground for liability. *See Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 825 (8th Cir. 2010)(quoting (*Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 157 (3d Cir. 2009)("'The local defendant's alleged conduct must be an *important* ground for the asserted claims in view of the alleged conduct of all the Defendants'"). Finally, the Court finds that there is no dispute that the "principal injuries" resulting from the alleged conduct were incurred in Missouri, the state in which the case was originally filed, given that all of the class members are Missouri citizens.

Thus, the Court finds that all of the requirements for the local controversy exception are met and the Court remands this action to the Circuit Court of the County of St. Louis, State of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [ECF No. 21] is **GRANTED**. An Order of Remand is filed herewith.

Dated this 19th day of November, 2014.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE