UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIMI FOWLER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BAC HOME LOANS SERVICING, L.P., KOZENY & MCCUBBIN, L.C., and KOZENY LENDERS 1-100,<br><br>Defendants. | Case No. 4:14-CV-1127-RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Joint Motion for Stay of Remand Order Pending Appeal with Incorporated Supporting Memorandum of Points and Authorities (ECF No. 29). On November 19, 2014, this Court granted Plaintiff's Motion to Remand this Class Action Fairness Act ("CAFA") action to state court. (ECF Nos. 27-28). In the instant motion, Defendants ask this Court to stay its remand order while they pursue an appeal of this Court's November 19, 2014 ruling.

### Discussion

Under 28 U.S.C. §1447(d), an order remanding to a case to state court is generally not reviewable on appeal. For that reason, when a district court issues a remand order, the district court is ordinarily divested of jurisdiction, allowing the state court to proceed with the case. 28 U.S.C. §1447(c). However, Congress expressly authorized federal courts of appeals to exercise their discretion to accept an appeal from a remand order under CAFA "notwithstanding section 1447(d)." 28 U.S.C. §1453(c). This statute constitutes an exception to the general rule that remand orders are not appealable. Therefore, the Court holds that it has jurisdiction to reopen this

case for the limited purpose of staying the remand order. *See Dalton v. Walgreen Co.*, No. 4:13 CV 603 RWS, 2013 WL 2367837, at *1 (E.D. Mo. May 29, 2013); *Raskas v. Johnson & Johnson*, No. 4:12 CV 2174 JCH, 2013 WL 1818133, at *1 (E.D. Mo. Apr. 29, 2013) (citing *Ind. State Dist. Council of Laborers & Hod Carriers Pension Fund v. Renal Care Grp., Inc.*, No. 3:05–0451, 2005 WL 2237598 (M.D. Tenn. Sept.12, 2005) ("If the case is actually remanded, and the state court proceeds to move it forward, the appellate right would be an empty one.")).

When deciding a motion to stay pending appellate review, courts consider four factors in determining whether a stay is warranted: "(1) the likelihood that a party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Iowa Utils. Bd. v. F.C.C.*, 109 F.3d 418, 423 (8th Cir.1996). This court must "consider the relative strength of the four factors, balancing them all." *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011) (internal quotations marks and citation omitted); *Dalton*, 2013 WL 2367837, at *2.

After examining these four factors, the Court finds that a stay is warranted. Although the Court remanded this action, Defendants have demonstrated an adequate likelihood of success on the merits of the appeal. There were no Eighth Circuit cases directly addressing the issue of whether Plaintiff satisfied the "no other class action within three years" requirement of the local controversy exception. Based upon this lack of authority from this Circuit, the Court concludes that Defendants adequately demonstrated a sufficient likelihood of success on the merits to support their motion to stay. Second, the Court holds that Defendants have demonstrated that they would be irreparably harmed absent a stay based upon the burden of litigating the case in state court and the Eighth Circuit, "as well as the potential of inconsistent outcomes if the state court rules on any

motions while the case is pending before the Eighth Circuit." *Raskas*, 2013 WL 1818133, at *2. Third, the Court finds that Plaintiff would not be unduly harmed by the stay, particularly because she also would not incur additional costs by conducting simultaneous litigation. Moreover, Plaintiff would not be subject to a lengthy delay because of the expedited review process under CAFA. *See* 28 U.S.C. §1453(c)(2) ("If the court of appeals accepts an appeal under paragraph (1), the court shall complete all action on such appeal, including rendering judgment, not later than 60 days after the date on which such appeal was filed…"). Finally, the Court holds that public interest favors a stay because it would prevent duplicative litigation in the state and federal courts and conserve judicial resources and economy.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Joint Motion for Stay of Remand Order Pending Appeal with Incorporated Supporting Memorandum of Points and Authorities (ECF No. 29) is **GRANTED**.

Dated this 6 th day of January, 2015.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE