UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MIMI FOWLER, individually and on behalf of )
all others similarly situated, )
)
Plaintiff, ) No. 4:14-CV-1127 RLW
)
v. )
)
BAC HOME LOANS SERVICING, L.P., )
KOZENY & MCCUBBIN, L.C. and KOZENY )
LENDERS 1-100, )
)
Defendants. )

## MEMORANDUM AND ORDER

This matter is before the court on Bank of America, N.A.'s Motion to Dismiss Plaintiff's Complaint (ECF No. 39) and Defendant Kozeny & McCubbin, L.C.'s Motion to Dismiss Plaintiff's Complaint (ECF No. 43). These matters are fully briefed and ready for disposition.

## BACKGROUND[1]

Defendant BAC Home Loans Servicing, L.P. ("BAC")[2] and Kozeny Lenders 1-100 ("Lenders") are in the business of making, purchasing, or participating in home loans in the State of Missouri. (Petition for Individual and Class Action Relief ("Complaint" or "Compl.", ECF No. 5, ¶1). Lenders are represented by Kozeny & McCubbin, L.C. ("Kozeny") as outside counsel. (Compl., ¶2). Each deed of trust allows for appointment of a successor trustee.

---

[1] When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] Bank of America refers to itself as Bank of America, N.A. ("BANA"), which is the successor by merger to BAC Home Loans Servicing, L.P. (ECF No. 40 at 1, n.1). For simplicity, the Court refers to this defendant as BAC.

(Compl., ¶3). Generally, Lenders appoint Kozeny as successor trustee under their deeds of trust. (Compl., ¶3).

Each Lender and the Trustee, as agent for the Lender, charge the borrower with the attorney's fees for Trustee's legal services incurred in initiating foreclosure on the deed of trust ("Attorney's Fees"). (Compl., ¶4). As a general business practice, Lender, or Trustee on Lender's behalf, provide borrowers with a Reinstatement Quote that requires the borrower (here, Plaintiff Mimi Fowler ("Fowler")) to pay Attorney's Fees to avoid foreclosure and reinstate the borrower's mortgage with Lender. (Compl., ¶4).

In the falls of 2010, BAC appointed Kozeny as successor trustee under the BAC's deed of trust signed by Fowler. (Compl., ¶8). On or around December 15, 2010, Trustee published a Notice of Foreclosure Sale of Borrower's property located at 817 Tiffin, St. Louis County, Missouri. On or about December 17, 2010, BAC sent Fowler a Reinstatement Quote, which required payment of attorney's fees of $520 to reinstate her mortgage. On or about December 29, 2010, Fowler paid $9,584.88, including attorney's fees, to avoid foreclosure of her property. (*Id.*)

This action is brought by Fowler against Trustee and Lenders to recover for herself and for all others similarly situated all Attorney's Fees paid by the borrower and members of the class to Trustee and Lenders. (Compl., ¶6). Fowler contends that it is unlawful for Lenders and Trustee, as attorney and agent for Lenders, to charge or collect from the borrowers in the class any compensation for Trustee's services in foreclosure in excess of the statutory commission permitted under Missouri law, specifically §443.360, R.S. Mo. (Compl., ¶6). Defendants filed motions to dismiss all three counts of Fowler's Complaint. (ECF Nos. 39, 43).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

### A. Count I: §443.360, R.S. Mo.

Fowler argues that she properly alleges a claim under Missouri law because Kozeny collected a "Foreclosure Attorney/Trustee Fee" in the amount of $520. (ECF No. 47 at 5 (citing 47-1)). Fowler alleges that compensation of trustees is governed by Section 443.360, "Compensation of trustees under trust deeds," which states:

> As a compensation for his services, any person selling property at auction under any writing, instrument or deed made or executed for securing the payment of any

debt shall receive a commission on the amount of sales not exceeding two percent on the first one thousand dollars, and one percent on all sums over that amount and under five thousand dollars, and one-half of one percent on all sums over that amount.

Section 443.360, R.S. Mo. Fowler argues that this provision means that "a trustee is entitled to compensation if, and only if, the property securing payment of the mortgage is sold at auction." (ECF No. 47 at 6 (citing *Condict v. Flower*, 47 Mo. App. 415 (Mo. App. 1892)). Fowler argues that *Condict* establishes that "a trustee appointed under a deed of trust is compensated for his services solely out of the proceeds of a foreclosure sale. If there is no sale of the property, the trustee receives no compensation for his services." (ECF No. 47 at 6). In sum, Fowler maintains that the statutory trustee's commission related to foreclosure sales pursuant to §443.360, R.S. Mo. are the exclusive source of fees that may be charged to a borrower for a foreclosure sale.

Fowler's argument, however, ignores the dual nature of Kozeny's position as attorney and trustee. In fact, Fowler's Deed of Trust explicitly provides for charging attorney's fees:

> **14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees....
>
> **19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument.... Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, and borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged.
>
> **22. Acceleration; Remedies.** ... If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law.

> Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

Missouri law looks to the note and deed of trust to determine whether a borrower is obligated to pay the lender's attorney's fees. Missouri law permits a lender to require a defaulting borrower to pay the lender's attorney's fees. *See Ozark Prod. Credit Ass'n v. Walden*, 695 S.W.2d 919, 922 (Mo. Ct. App. 1985) ("Plaintiff cites *Condict v. Flower,* 47 Mo.App. 514 (1892), for its holding disallowing the trustee of a deed of trust from charging an attorney's fee separate and apart from the statutory trustee's fee. That did not occur here. The attorney's fee, according to Johnson and the attorney, was not directly related to the foreclosure, but was for action taken in attempting to collect the note prior to instituting the foreclosure."); *Emmons v. Winters*, 627 S.W.2d 904, 907 (Mo. Ct. App. 1982) (upholding 10% attorney fee provision in the note and deed of trust because "[p]rovisions for attorney fees in a note or mortgage are valid in this state.").

The Court holds that, under the Note and Deed of Trust, Fowler was required to pay Kozeny's attorney's fees. Fowler was charged $520 in attorney's fees, pursuant to the Note and Deed of Trust, and as permitted under Missouri law. Fowler's Note does not limit the payment of an attorney's fee only to circumstances where the Note is actually collected by foreclosure as argued by Fowler. Based upon the clear language of the Deed of Trust, BAC was authorized to charge Fowler for the attorney's fees incurred in pursuing collection of her loan and Count I is dismissed. *See* ECF No. 13-2, ¶¶14, 22.

### B. Count II: Breach of Fiduciary Duty or Constructive Fraud

In Count II, Fowler argues that Kozeny's dual role as BAC's counsel and successor trustee under the Deed of Trust gives rise to a conflict of interest and that Kozeny failed to disclose to

her that it was acting as both trustee and BAC's counsel and Kozeny failed to obtain a written conflict waiver from her. (Compl., ¶33). Fowler argues that Kozeny "owed Fowler a fiduciary duty to conduct a fair and impartial sale" that included "not to charge her any trustee fees unless there was a foreclosure sale of her property." (ECF No. 47 at 9).

The Court holds that Kozeny was not required to disclose its dual role as the lender's counsel and trustee under the Deed of Trust, nor was Kozeny required to obtain a conflict waiver from Fowler or other borrowers. Under Missouri law, Kozeny could serve as trustee under the Deed of Trust and as BAC's counsel. *See Boatmen's Bank of Jefferson Cnty. v. Cmty. Interiors, Inc.*, 721 S.W.2d 72, 76 (Mo. Ct. App. 1986)(citing *Judah v. Pitts*, 333 Mo. 301, 62 S.W.2d 715, 720 (1933) ("a trustee, exercising a power of sale under a deed of trust, is the agent of both mortgagee and mortgagor and should act with impartiality and integrity"); *Judah v. Pitts*, 333 Mo. 301, 312, 62 S.W.2d 715, 720 (1933) (internal citation omitted) ("The fact that the creditor's agent, attorney or employee is the trustee will not invalidate the sale although his acts will be closely scrutinized to see that he has performed his duties impartially."); *Schwarz v. Kellogg*, 243 S.W. 179, 183 (Mo. 1922) ("[i]t has been held that the fact that the trustee is attorney for the note holder does not disqualify him as trustee"). Further, as noted by BAC, common practice in Missouri and other states that permit non-judicial foreclosure is the dual role of trustee and lender's counsel. (ECF No. 40 at 16-17). Thus, the Court finds that there is no inherent conflict of interest in Kozeny serving as both counsel for BAC and successor trustee under the deed of trust.

Moreover, the Court notes that it was BAC, not Kozeny, that charged Fowler the $520.00 about which she complains. (ECF No. 49). Therefore, there can be no conflict based upon this charge by BAC and for which Kozeny was not responsible.

Consequently, the Court hold that Fowler fails to state a claim for breach of fiduciary duty or constructive fraud and dismisses Count II.

### C. Count III: Missouri Merchandising Practices Act

Based upon the Eighth Circuit decision *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887 (8th Cir. 2014), Fowler moves to dismiss, without prejudice, her Missouri Merchandising Practices Act ("MMPA") claim in Count III against Kozeny to allow her to replead her claim. (ECF No. 47 at 9-10). Defendants oppose this request for leave to amend, noting that such request is improper in a memorandum in opposition to a motion to dismiss. (ECF No. 48 at 6-7).

Although she should have filed a proposed amended complaint with her motion, *see Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002), the Court will grant Fowler leave to amend her MMPA claim because of the early stage of this litigation. Fowler shall file an amended complaint no later than **June 8, 2015**.

Accordingly,

**IT IS HEREBY ORDERED** that Bank of America, N.A.'s Motion to Dismiss Plaintiff's Complaint (ECF No. 39) and Defendant Kozeny & McCubbin, L.C.'s Motion to Dismiss Plaintiff's Complaint (ECF No. 43) are **GRANTED**, in part, and **DENIED**, in part. Counts I and II are **DISMISSED** with prejudice. Count III is **DISMISSED** without prejudice. Plaintiff shall file an amended complaint, in accordance with this Memorandum and Order, no later than **June 8, 2015**.

Dated this 26th day of May, 2015.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**